FILED

2017 FEB -2   PM 12: 22

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TABASUM AKRAM AND MUHAMMED AKRAM KHAN ) ) ) | Case No.: |
| PLAINTIFFS, ) ) | No. 6:17-CV-179-ORL-18. |
| v. ) ) | Demand for Jury Trial   GJK |
| THE ASSOCIATION LAW FIRM, PLLC) ) | |
| DEFENDANT. ) ) | |

## COMPLAINT

Under 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA,")
TABASUM AKRAM AND MUHAMMED AKRAM KHAN, ("Plaintiffs") file the
following complaint for damages and sue THE ASSOCIATION LAW FIRM ("ALF"),
alleging as follows.

## PARTIES

1.  Plaintiffs are natural persons who own property in Osceola County, Florida.

2.  The Estancia at Toho Homeowners Association, Inc. the ("Association") retained
    Defendant ALF as an agent to collect the debt that forms the basis of this
    Complaint against Plaintiff.  Said debt was owed and ALF itself asserts that the
    debt is owed to the Association and not ALF.

3.  Defendant, ALF is a business organization with a principle place of business
    located at 135 W. Central Blvd., Orlando, Florida 32801.  ALF is a "debt
    collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), in that ALF uses
    instrumentalities of interstate commerce and/or the mails to regularly collect or

attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

4.  Specifically, ALF uses: (1) the internet to file court documents in debt collection matters, (2) the mail to serve court documents, statutory notices, and other communications as part of debt collection activities to alleged debtors, and (3) the telephone to regularly engage in communication with debtors and/or their legal representatives during the collection of debts as defined by the FDCPA.

5.  Additionally, ALF, a homeowners association firm, regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another, as evidenced by the large number of homeowner association assessment lien foreclosures filed by ALF in the State Court system at the time of the alleged conduct in this Complaint, by the fact that ALF works for the Association, who Plaintiff allegedly owes the debt to, and by ALF's own personal description on its website: "The Association Law Firm has an experienced team ready to handle the collection needs of your association.  The Firm has handled thousands of collection matters throughout Florida and is adept at quickly delivering your association a wide range of services…" *See* Exhibit "A," ALF Website.

## JURISDICTION AND VENUE

6.  Under 28 U.S. Code §1331 and §1337, this court has subject matter jurisdiction over the claims alleged because the civil action arises under federal law and specifically commerce and antitrust regulations, including but not limited to 15 U.S.C. § 1692k(d).

7. Venue is proper because the actions that give rise to this complaint occurred within the Middle District of Florida.

8. Forum is proper because the actions that give rise to this complaint and ALF's principle place of business are each located within counties assigned to the Orlando Division of The United States District Court For The Middle District Of Florida.

## FACTUAL BACKGROUND

9. Plaintiffs own a home located at 806 Neptune Point Lane, Kissimmee, Florida 34744.

10. The Association asserts that this home is subject to assessments under the Declaration of Covenants, Conditions, and Restrictions of the Association.

11. In a March 23, 2016, Letter ("Letter") ALF asserts that Plaintiffs owe the Association $6,889.90 in unpaid assessments, late fees, interest, and costs of collections, inclusive of attorney's fees. The Letter is attached to this Complaint as Exhibit B, and each statement and assertion in the Letter is alleged and incorporated herein as if is plead. *See* Exhibit "B," Letter.

12. In calculating the $6,889.90 figure asserted in the Letter, the Association charged interest rates that were illegal under Florida Law in the following ways:

   a. Interest charges the Association charged of $45.10 on 2/15/16 and 3/15/16 were above the 18% non-compounding rate permitted by Florida Law;

   b. Each month from 2008 until the present, the Association calculated the interest due by utilizing the total deficit in the account as the interest

bearing principle, which has the effect of charging compounding interest in violation of Florida Law;

c. The Association failed to properly credit payments made by Plaintiffs;

d. The Association failed to honor an oral agreement with Plaintiffs to settle the debt with the completion of a payment plan, and Plaintiffs in fact performed each of its obligations under said payment plan.

13. On March 23, 2016, the actual debt owed to the Association by Plaintiffs was not $6,889.90, as asserted in the Letter, but instead the actual debt was less than this total by a significant figure, if it existed at all.

14. Therefore, ALF misrepresented the total debt owed to the Association in the Letter.

## COUNT I: VIOLATION OF 15 U.S.C. §1692(e) AGAINST ALF

15. Plaintiff re-avers ¶1 - ¶14 above.

16. The $6,889.90 debt alleged in the Letter is a consumer debt within the meaning of the FDCPA because it is an obligation to pay debt that arose from a personal and/or household transactions, specifically homeowner association assessments and the fines associated with the assessments delinquency.

17. As alleged above, in the Parties subsection, ALF is a debt collector as defined by the FDCPA.

18. Plaintiff was the object ALF's collection activities because the Letter was a collection activity and/or action taken in connection the collection of a debt, as defined by the FDCPA.  Specifically, 1) ALF is a debt collector under the FDCPA, as asserted in ¶1 - ¶5, 2) the debt asserted in the Letter is a consumer debt as

defined by the FDCPA, as asserted in ¶16, 3) ALF attempts to collect this debt in the Letter because the least sophisticated consumer would interpret the statement: "Payment of the total set forth herein shall be made via certified check or money order, made payable to "The Association Law Firm, PLLC, and received by this Firm on or before the Expiration Date," as a demand for payment in the context of the other assertions in the Letter that exclude any other intention for sending the Letter, such as statements asserting that the Letter is not a payoff or estoppel letter that can be relied on.

19. ALF violated 15 U.S.C. §1692(e) because (1) ALF is a debt collector, (2) ALF attempted to collect a debt against Plaintiffs by sending Plaintiffs the Letter, and because ALF falsely represented the total debt owed by Plaintiffs to the Association in the Letter.

20. As a result of the forgoing violations of the FDCPA, ALF is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against ALF for the following:

A.  Actual Damages;

B.  Statutory damages pursuant to 15 U.S.C. 1692(k);

C.  Costs and Reasonable Attorney fees pursuant to 15 U.S.C. 1692(k)

D.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ David M. Chico
David M. Chico, Esq.
FL Bar No. 0010318
David Chico Law Group
607 Celebration Ave.
Celebration, Florida 34747
Telephone: 407-933-7703
Email: david@davidchicolaw.com